UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH MARK SALAZAR** and **KEVIN MICHAEL SALAZAR**, <br><br> Plaintiffs, <br><br> v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN,** <br><br> Defendant. | Civil Action No. 1:16-cv-____ |

**COMPLAINT**
(alleging, *inter alia*, acts of terrorism under 28 U.S.C. § 1605A resulting in wrongful death)

**Introduction**

1. This is a Complaint alleging that Defendant the Islamic Republic of Iran was responsible for the death of Staff Sergeant Mark Eugene Salazar, the father of both Plaintiffs, in the terrorist bombing of the United States Embassy in Beirut, Lebanon, on April 18, 1983.

2. This case is related to *Dammarell v. Islamic Republic of Iran*, 281 F.Supp.2d 105 (D.D.C. 2003) (Bates, J.), *Salazar v. Islamic Republic of Iran*, 370 F.Supp.2d 105 (D.D.C. 2005) (Bates, J.), and *Doe v. Islamic Republic of Iran*, 808 F. Supp.2d 1 (D.D.C. 2011) (Bates, J.), in all of which this Defendant was held liable for the 1983 bombing of the U.S. Embassy, with judgments entered against it accordingly.

3. In 2002, an individual named Donna Salazar filed an action in this Court claiming to be the widow of SSGT Salazar. She brought that case individually and as administrator of the

1

decedent's estate.  Ms. Salazar was awarded economic and compensatory damages in the amount of $18,297,000.[1]

4. In her complaint in the earlier action, Donna Salazar (hereinafter "Donna") reported that she and SSGT Salazar had a daughter, named Jennifer, born in 1982, who survived him and on whose behalf she was also awarded damages.  *See* 370 F.Supp.2d 105, 111 n.8.

5. In fact, SSGT Salazar was not married to Donna.  At the time of his purported marriage to her, in Vernon Parish, Louisiana in June 1979 (Exhibit A hereto), he was lawfully married to Katherine Sisson Salazar ("Katherine"): a marriage contracted in Pierce County, Washington, on March 24, 1975 (Exhibit B).  The marriage to Katherine was dissolved only on October 29, 1979 (Exhibit C).

6. Under the laws of the State of Louisiana, the purported marriage of SSGT Salazar and Donna was void *ab initio*, since on the date of the ceremony he was still married to Katherine.  "A bigamous marriage is an absolute nullity. It is void from its inception." La. Civ. Code Ann., art. 88, rev. comment (b).  "A judicial declaration of nullity is not required." La. Civ. Code Ann., art. 94.

7. Plaintiffs – twins, born on July 8, 1975 – were born of the marriage of SSGT Salazar and Katherine.  Their existence was not disclosed to this Court in the action brought by Donna, and until the first few months of 2016, they were unaware that a lawsuit against Iran to recover damages for the loss of their father had been filed or was even possible.

8. Plaintiffs bring this suit in their own right, as survivors of their father.  Before this Court they do not assert rights against his estate, nor do they challenge the distribution of assets awarded to Donna as the estate's administrator.[2]

---

[1] The Court did not apportion the damages award between the two roles Ms. Salazar purported to play (as survivor, suing in her own right, and as administrator suing on behalf of the decedent's estate).
[2] Donna Salazar died on August 20, 2010.

### Jurisdiction and Venue

9. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1330(a), 1605A, and 1610.

10. Venue is proper in this District by virtue of 28 U.S.C. § 1391(f)(4).

### Parties

11. Plaintiffs Kenneth Mark Salazar and Kevin Michael Salazar are citizens of the United States, resident in the State of Washington. They are the twin sons of Staff Sergeant Mark Eugene Salazar, who died in the service of his country, in Beirut, Lebanon, on April 18, 1983, when Plaintiffs were nearly eight years of age. SSGT Salazar's death was an "extrajudicial killing" as that term is used in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and the Torture Victims Protection Act, 28 U.S.C. § 1350 note, § 3.

12. Defendant The Islamic Republic of Iran ("Iran") is a "state sponsor of terrorism," as defined in 28 U.S.C. § 1605A(h)(6). This Court has repeatedly held that Iran was responsible for carrying out the terrorist bombing of the U.S. Embassy in Beirut in 1983 that caused the deaths of SSGT Salazar and some 50 other individuals.

13. Defendant Iran provided material support and resources to the perpetrators of the attack on the Embassy, as defined in 18 U.S.C. § 2339A.

14. Defendant, as a state sponsor of terrorism, is not entitled to sovereign immunity, and is fully answerable in this Court for its murder of American citizens.

### The Facts

15. Plaintiffs respectfully direct the Court to the statement of the facts concerning the background and commission of the Embassy bombing, and the involvement of Iran in that terrorist assault, articulated (*inter alia*) by Judge Bates in *Dammarell v. Islamic Republic of Iran* and *Salazar v. Islamic*

*Republic of Iran*. That latter opinion also makes clear that Defendant "directly and proximately caused the death" of Staff Sergeant Salazar. 370 F.Supp.2d 105, 109.

16. At the time of his death, Staff Sergeant Salazar "was serving a ninety-day assignment to the Embassy as a specialist in power generation equipment. He was twenty-nine years old." 370 F.Supp.2d 105, 111.

17. On the day their father was killed, Plaintiffs Kenneth Mark Salazar ("Kenneth") and Kevin Michael Salazar ("Kevin") were living with their mother, Katherine, in Lakewood, Washington. They were seven years old. Both remember being shocked and traumatized when they learned of the loss of their father.

18. Both Plaintiffs were forced to grow up without a father. His death put a significant amount of undue stress on their mother, Katherine, which drastically affected their childhood. Their mother never remarried, so they never had a permanent adult male influence in their lives.

19. Kenneth's last memory of his father is of a phone call from Beirut, telling the boys that he would be coming home soon to see them. Kevin spoke with SSGT Salazar, but Kenneth refused: he was too angry with his father for never being around because of his Army service. He was killed about a week later. Kenneth has had to live the rest of his life with the knowledge that he passed up what would have been his final chance to talk with his father.

20. Kevin remembers learning from television news shows that the U.S. Embassy in Beirut had been bombed in a terrorist attack. His father's name was mentioned in the broadcasts as missing and presumed dead. His death was not confirmed until a week later.

21. Both young boys attended a memorial event in Washington D.C. for all of those lost in the attack. Kevin remembers seeing the flag-draped coffins, and meeting President and Mrs. Reagan. He recalls that when Nancy Reagan saw the two twins side by side, she began to cry, and hugged them both.

22.     The judicial resolution of the question of Defendant's liability for the attack on the Embassy, and in particular for SSGT Salazar's death, constitutes *res judicata*, and is not subject to reopening in these proceedings.

23.     Plaintiffs Kenneth and Kevin Salazar, as the sons of SSGT Salazar, are entitled to bring this action for compensatory damages in their own names and on their own behalf.

24.     As a result of their father's death, caused by Defendant's acts complained of herein, Plaintiffs underwent, and continue even now to undergo, mental anguish and emotional pain and suffering.

25.     The passage of time does not constitute a bar to Plaintiffs' action seeking a judicial remedy for the loss of their beloved father, so long as Defendant has had "sufficient notice of the nature of the suit and the type of claims against" them. *See In re Islamic Republic of Iran Terrorism Litigation*, 659 F. Supp. 2d 31, 106 (D.D.C. 2009); *Worley v. Iran*, 75 F.Supp.3d 311 (D.D.C. 2014). Defendant has been aware since at least 2000 that litigation asserting its liability for the bombing of the Beirut Embassy is pending before this Court.

### Count One
Wrongful Death:
Private Right of Action under 28 U.S.C. § 1605A(c)

26.     The allegations of ¶¶ 1-25, *supra*, are incorporated as if fully set forth herein.

27.     Defendant Iran was and remains a "state sponsor of terrorism" as that term is defined in 28 U.S.C. § 1605A(a)(2)(A)(i).

28.     Defendant Iran, directly and through agents acting within the scope of their agency, planned and carried out the terrorist attack on the U.S. Embassy in Beirut on April 18, 1983.

29.     Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs may assert a cause of action against Defendant for the wrongful death of their father in the terrorist attack on U.S. diplomatic premises.

30. Plaintiffs therefore seek compensatory damages of $5,000,000 each for pain and suffering, the sum awarded to their half-sister in the earlier *Salazar* litigation: *see* 370 F.Supp.2d 105, 116.

## Count Two
### Intentional Infliction of Emotional Distress

31. The allegations of ¶¶ 1-25, *supra*, are incorporated as if fully set forth herein.

32. The actions complained of – the deliberate introduction and detonation of explosive materials at the U.S. Embassy in Beirut – constituted intentional and foreseeable infliction of emotional distress by Defendant Iran, not only on those killed, but also on their survivors and loved ones, including Plaintiffs.

33. As a direct and proximate result of those actions, Plaintiffs have suffered and continues to suffer severe emotional distress, entitling them to compensatory damages in an amount to be proved at trial.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs Kenneth Mark Salazar and Kevin Michael Salazar respectfully pray that this Honorable Court:

A. **ASSERT** jurisdiction over the subject matter of this action, and over the person of Defendant;

B. **GRANT** Plaintiffs judgment on Counts One and Two as set forth above;

C. **AWARD** to Plaintiffs compensatory damages on Count One in the amount of $5,000,000 each;

D. **AWARD t**o Plaintiffs compensatory damages on Count Two in an amount to be determined at trial; and

E. **GRANT** Plaintiffs the costs of suit, including reasonable attorneys' fees, as well as pre-judgment interest and such other relief as to the Court shall seem just and equitable.

        Respectfully submitted,

        /s/ Steven M. Schneebaum
        _____

        Steven M. Schneebaum
            D.C. Bar No, 956250
        Cynthia L. McCann
        STEVEN M. SCHNEEBAUM, P.C.
        1776 K Street, N.W., Suite #800
        Washington, D.C. 20006
            Tel.: (202) 742-5900
            Email: sms@smslawdc.com

Of counsel:

Allan Gerson
AG International Law PLLC
2131 S Street, N.W.
Washington, D.C. 20008

Thomas J. West
West Law Firm
524 Tacoma Avenue South
Tacoma, Washington 98402


Dated:  July 22, 2016.